**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANIEL WESLEY,<br><br>Petitioner<br><br>v.<br><br>DISTRICT ATTORNEY, *et al.*,<br><br>Respondents. | CIVIL ACTION NO. 3:26-CV-00392<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Daniel Wesley ("Wesley"), an inmate currently housed at the State Correctional Institution in Waymart, Pennsylvania ("SCI-Waymart"). This is Wesley's fifth petition filed under Section 2254. Therefore, the Court will dismiss this successive petition for lack of jurisdiction.

## I. BACKGROUND

On February 17, 2026, the court received and docketed Wesley's petition under 28 U.S.C. § 2254. (Doc. 1). Wesley then immediately filed a supplement to the petition, naming Mr. Wahl as a respondent. (Doc. 5). Wesley is challenging his 2004 conviction of multiple criminal charges related to a series of sexual assaults and attempted sexual assaults that took place in Highland Park and East Liberty areas of Pittsburg in 2002. (Doc. 1).

However, a review of the docket in the Western District of Pennsylvania demonstrates that Wesley has filed four previous petitions under Section 2254. Wesley filed a Section 2254 petition in the Western District of Pennsylvania in December of 2008 that was dismissed for failing to pay the filing fee. *Wesley v. Commonwealth*, No. 2:08-cv-01749-CG (W.D. Pa.).

Wesley then filed a Section 2254 petition in April of 2009, which was dismissed on its merits in 2010. *Wesley v. Rozum*, No. 2:09-cv-00495-KRG-CB (W.D. Pa.). In October of 2009, Wesley filed a third Section 2254 petition that was dismissed because the April 2009 petition was still pending. *Wesley v. Rozum*, No. 3:09-cv-00259-KRG-CB (W.D. Pa.). In April of 2010, Petitioner filed a fourth petition under Section 2254 challenging the 2004 criminal convictions and was dismissed as a second or successive petition filed without leave of the Court of Appeals. *Wesley v. Rozum*, No. 3:10-cv-00094-KRG-CRE (W.D. Pa.).

## II. DISCUSSION

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. § 2254. A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

Wesley's first 2009 petition was decided on the merits including a challenge to the jurisdiction of the Court of Common Pleas of Allegheny County. *Rozum*, No. 2:09-cv-00495-KRG-CB, Doc. 23. The grounds raised in the instant petition remain unclear. The petition includes statements that the courthouse closed down violating his due process rights. (Doc. 1). However, these statements are opaque as there continues to be a Court of Common Pleas in Allegheny County. To the extent Wesley is attempting to resurrect the jurisdictional argument raised in his first 2009 petition, this was addressed on its merits by the Western District of Pennsylvania. *Rozum*, No. 2:09-cv-00495-KRG-CB, Doc. 23. As such, the Court is left to view the instant petition as a second or successive petition under Section 2244. There is no indication that Wesley received leave of the Third Circuit Court of Appeals prior to filing this second or successive petition. Thus, the Court will dismiss the petition and the supplemental petition.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will be issued.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss the Section 2254 petition and supplemental petition and deny a certificate of appealability. An appropriate order follows.

**Dated: August 6, 2026**

s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**